IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Shawn D. Phillips, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No.: 0:16-cv-375-PMD-PJG |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Larry Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Petitioner Shawn D. Phillips' motion to reopen and to amend his 28 U.S.C. § 2254 petition. For the reasons set forth herein, Petitioner's motion is granted in part and denied in part.

Petitioner filed his § 2254 petition on February 4, 2016. Respondent Warden Larry Cartledge moved for summary judgment on July 25. The next day, Magistrate Judge Gossett filed a *Roseboro* order. Then, on August 30, Judge Gossett ordered Petitioner to inform the Court whether he intended to respond to Respondent's motion. The next day, Petitioner filed a request to extend his time to respond. Magistrate Judge Gossett granted Petitioner's motion, extending his time to respond until October 4. Despite that extension, Petitioner never filed a response to Respondent's motion. Thus, on October 11, Magistrate Judge Gossett filed an R & R recommending that the Court dismiss Petitioner's § 2254 petition with prejudice for failure to prosecute. The clerk of court mailed the R & R to Petitioner and informed him that any objections to the R & R were due on October 28. On November 3, however, the R & R was returned to the clerk of court by the Broad River Correctional Institute, and was marked as undeliverable. Then, on November 8, the Court agreed with the magistrate judge and dismissed this action for lack of prosecution.

Respondent takes no position as to the reopening of Petitioner's habeas proceeding. Because Respondent does not object to reopening Petitioner's habeas case, and in light of the appearance of Petitioner's counsel, the Court concludes that the interests of justice are served by reopening this action.

Petitioner's counsel also "seeks leave to amend [Petitioner's] petition (if necessary)." (Pet'r's Mot. Reopen, ECF No. 51, at 5.) Respondent objects to any amendment of Petitioner's initial habeas filing, claiming that such amendment would be untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Pub. L. No. 104–132, 110 Stat. 1214 (1996). The Court will not grant Petitioner blanket pre-approval to amend his petition. Without the benefit of the proposed amendments, if any, the Court is in no position to address whether those amendments are warranted. Should Petitioner wish to file an amended petition, he may file the appropriate motion.

Petitioner also asks for an extension of time to contest Respondent's motion for summary judgment. That request is granted. Petitioner's brief shall be due on February 1, 2017. Petitioner also asks that the Court reset any previous deadlines. To the extent that there are any applicable deadlines, Petitioner may request those extensions as the need arises.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Petitioner's motion to reopen and to amend his 28 U.S.C. § 2254 petition is **GRANTED IN PART** and **DENIED IN PART**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**January 3, 2017**
**Charleston, South Carolina**