**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| Shawn D. Phillips, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No.: 0:16-cv-375-PMD-PJG |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Larry Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Petitioner Shawn D. Phillips' objections to United States

Magistrate Judge Paige J. Gossett's report and recommendation ("R & R") (ECF Nos. 75 & 71).

The Magistrate Judge recommends granting Respondent's motion for summary judgment (ECF

No. 27) and denying Petitioner's petition for relief under 28 U.S.C. § 2254 (ECF No. 1). For the

reasons stated herein, Respondent's motion for summary judgment is granted as to Petitioner's

three grounds for relief, and Petitioner is granted leave to move to amend his petition. Petitioner

shall have 14 days to move to amend and Respondent shall have 7 days to respond.

## PROCEDURAL HISTORY

Since the parties have no objections, the Court, finding no clear error, adopts the procedural

background set out in the R & R without recitation. However, the Court will supplement the R &

R with respect to recent filings relevant to the instant petition.

On February 4, 2016, Petitioner filed a *pro se* petition for habeas corpus pursuant to 28

U.S.C. § 2254. After receiving two extensions of time, Respondent filed a return and a motion for

summary judgment on July 25, 2016. On July 26, 2016, the Court filed a *Roseboro* order,

informing Petitioner of the dismissal/summary judgment procedures and the possible

consequences for failing to respond. After Petitioner failed to meet the first deadline, the Court

entered an order on August 30, 2016, directing Petitioner to respond to Respondent's motion for summary judgment in fourteen days. On September 6, 2016, the Court granted Petitioner's motion for an extension of time, but Petitioner still failed to timely respond. Accordingly, the Court, adopting the recommendation of the Magistrate Judge, dismissed Petitioner's case for failure to prosecute on November 8, 2016.

On November 23, 2016, attorney Alex Apostolou filed a motion for leave to appear and a motion to reopen the case and amend the petition on Petitioner's behalf. On December 12, 2016, Respondent filed a response, objecting to Petitioner's motion to amend the petition. On January 3, 2017, the Court granted Petitioner's motion for leave to appear. Additionally, the Court granted in part and denied in part Petitioner's motion to reopen the case and amend the petition. After receiving two more extensions of time, Petitioner filed his response to Respondent's motion for summary judgment on March 2. Respondent replied on March 16. On April 28, the Magistrate Judge issued an R & R, recommending that the Court grant Respondent's motion for summary judgment. On June 1, Petitioner filed objections to the R & R, and Respondent replied on June 20. Accordingly, this matter is now ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id*. Additionally, the Court may receive more evidence or recommit the matter

to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Although Phillips currently has counsel, Phillips filed the petition at issue *pro se*. Consequently, the Court conducts its review of the petition with an eye towards its duty to construe *pro se* filings liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). That, however, does not mean the Court can ignore a clear failure to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

### I. Ground One

In ground one, Petitioner raises the following issue, quoted verbatim: "The P.C.R. Court erred in falling grant petitioner post. conviction relief and new trail. The guns issue at dispute state never proven there burden[.]" (Pet., ECF No. 1, at 5.) In her R & R, the Magistrate Judge found that ground one and its supporting facts were nonsensical and "too vague to adequately state a claim upon which relief can be granted." (R & R, ECF No. 71 at 10.) Further, the Magistrate Judge found "that the legal issues presented in [Petitioner's] response to the motion for summary judgment that were not clearly presented in the Petition are not properly before the court, even if those issues were intended to address Ground One of the Petition." (*Id.* at 11.) Accordingly, the Magistrate Judge recommended the Court grant summary judgment to Respondent on ground one.

In his objections, Petitioner requests leave to amend the petition to clarify ground one and "to challenge the admission of the pistol which was excluded from the co-defendant's trial." (Pet'r's Objs., ECF No. 75, at 1.)

Initially, the Court notes that it agrees with the Magistrate Judge's findings regarding ground one. As to Petitioner's renewed request for leave to amend his petition, the Court reiterates that if Petitioner wished to amend his petition he should have done so in an appropriate motion, instead of requesting leave to amend his petition in his objections. *Cf. Barclay White Skanska, Inc. v. Battelle Mem'l Inst.*, 262 F. App'x 556, 563 (4th Cir. 2008) (citing *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)) ("At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a). A plaintiff may not amend her complaint through argument in a brief opposing summary judgment."); *Mincey v. World Sav. Bank, FSB*, 614 F. Supp. 2d 610, 625 (D.S.C. 2008) (quoting *Booker v. Wash. Mut. Bank, F.A.*, 375 F. Supp. 2d 439, 441 (M.D.N.C. 2005)) ("A memorandum in opposition or response . . . cannot remedy the defects in a party's complaint . . . . Instead, the remedy for an insufficient complaint is amendment under Rule 15 of the Federal Rules of Civil Procedure . . . .") (internal quotation marks omitted). The Court notes that it would reach the same conclusion had Petitioner not retained counsel, but Petitioner did retain counsel and counsel has nonetheless failed to make an appropriate motion under Rule 15. Accordingly, the Court adopts the R & R and grants summary judgment to Respondent on ground one.

## II.    Ground Two

In ground two, Petitioner argues that trial counsel was ineffective for failing to subpoena a witness, Dora Perkins, who gave an exculpatory statement to the police. The Magistrate Judge

found that the Post-Conviction Relief ("PCR") court did not unreasonably apply federal law, rely on an unreasonable determination of the facts, or act contrary to federal law in its denial of this claim. Specifically, the Magistrate Judge found that the PCR court's finding of no prejudice was not unreasonable because Petitioner did not provide testimony from Perkins at the PCR hearing. Petitioner objects to this finding, arguing that the Magistrate Judge failed to address his *Martinez*[1] argument. Specifically, Petitioner essentially argues that his PCR counsel was ineffective for failing to call Ms. Perkins as a witness at the PCR hearing and that this prevented him from obtaining relief under his underlying claim of ineffective assistance of trial counsel. Alternatively, Petitioner generally argues that the PCR court did not need Perkins' testimony, or a proffer of her testimony, to determine whether trial counsel was ineffective.

The Court assumes without deciding that the PCR court's finding that trial counsel was not deficient for failing to subpoena Ms. Perkins was unreasonable. *See Strickland v. Washington*, 466 U.S. 668, 697 (1984) ("[T]here is no reason for a court . . . to address both components of the [ineffective assistance] inquiry if the defendant makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."). Accordingly, the Court will not address any of Petitioner's objections regarding deficiency. Even assuming trial counsel was deficient, Petitioner's ground two claims still fail because the PCR's court's finding of no prejudice was not unreasonable.

First, the Court notes that if Petitioner is attempting to bring a claim of ineffective assistance for his PCR counsel's alleged errors, that claim is not federally cognizable. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State

---

1. *Martinez v. Ryan*, 566 U.S. 1 (2012).

collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.") Additionally, the Court notes that Petitioner's reliance on *Martinez* is misguided.

In *Martinez*, the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. The Court further held that when a

> "[s]tate requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of [*Strickland*]."

*Id*. at 14. Moreover, the petitioner must show that the underlying ineffective assistance claim is a substantial one in order to overcome the procedural default. *Id*.

*Martinez* does not apply because Petitioner has not procedurally defaulted on ground two. *See Sullivan v. Padula*, No. 4:11-cv-2045-MGL, 2013 WL 876689, at *6 (D.S.C. Mar. 8, 2013) ("[P]rocedural default[] is the doctrine applied when a petitioner seeks habeas relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts."). To the contrary, Petitioner's ground two claims were raised by his PCR counsel and were ruled upon by the PCR court. Additionally, Petitioner's ground two claims were presented in his petition for writ of certiorari to the South Carolina Supreme Court. Accordingly, Petitioner has not procedurally defaulted on his ground two claims, and he cannot use *Martinez* to excuse a non-existent procedural bar.

Furthermore, *Martinez*, "does not directly provide the authority for a petitioner to expand the record in order to further develop facts that could have been presented in the state court proceeding." *Fielder v. Stevenson*, No. 2:12-cv-412-JMC, 2013 WL 593657, at *4 (D.S.C. Feb.

14, 2013) (citing *Foster v. Oregon*, No. 03:06–CV–689–ST, 2012 WL 3763543, at *2 (D. Or. Aug. 29, 2012); *Halvorsen v. Parker*, No. 08–484–DLB, 2012 WL 5866595, at *4 (E. D. Ky. Nov. 19, 2012); *Williams v. Mitchell*, No. 1:09 CV 2246, 2012 WL 4505181, at *6 (N. D. Ohio Sept. 28, 2012)). Thus, Petitioner cannot rely on *Martinez* to overcome his failure to provide Perkins' testimony, or a proffer of her testimony, to the PCR court.

More generally, the Court agrees with the Magistrate Judge's conclusion that the PCR court was not unreasonable when it determined that Petitioner's assertion that Perkins' testimony would have been exculpatory at trial is speculative. Before the PCR court, Petitioner had the burden of demonstrating not only that trial counsel failed to investigate a witness, but also that an investigation would have yielded favorable testimony. *See Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."). While Petitioner argues no speculation about what Perkins' testimony would have been is necessary since "Perkins clearly identified two males at the motel that night," Perkins' statement to police is far from clear. (Pet'r's Objs., ECF No. 75, at 5.) Perkins told police that she "heard three different voices arguing" before "what sounded like a gunshot," then saw a "black man and a white man" walk past her afterward. (R., ECF No. 26-4, at 893.) Her statement included a picture of a man who "could be" the white male and a picture of an unidentified black man who she indicated was the black man she saw. (*Id*. at 987–88.) Given the ambiguities in Perkins' statement, it was not unreasonable for the PCR court to conclude that Petitioner did not meet his burden of showing what Perkins' trial testimony might have been if trial counsel had interviewed her and called her as a witness. Without a proffer of her testimony, it was not unreasonable for the PCR court to determine that Petitioner was not prejudiced by trial counsel's failure to interview Perkins.

For the foregoing reasons, Petitioner has failed to show that the PCR court's finding of no prejudice was unreasonable. Accordingly, the Court adopts the R & R and grants Respondent summary judgment on ground two.

### III. Ground Three

In ground three, Petitioner claims that trial counsel was ineffective for failing to object to Sandra Barnes' in-court identification. In her R & R, the Magistrate Judge determined that the PCR court's finding that Petitioner was not prejudiced by trial counsel's failure to object to Barnes' in-court identification was not contrary to, or an unreasonable application of, clearly established federal law. Petitioner objects to that determination, claiming that the Magistrate Judge focused too heavily on trial counsel's defense strategy in her reasoning, that trial counsel's duress strategy was based on an inadequate investigation, and that "it is speculative to say Petitioner would have been found guilty regardless under the duress strategy." (Pet'r's Objs., ECF No. 75, at 10.) Petitioner essentially argues that if trial counsel objected to the in-court identification and if he pursued a different trial strategy instead of "giving all deference to the hand-of-one-hand-of-all theory," the result of the trial would have been different. (*Id.*) Specifically, Petitioner argues that trial counsel's duress strategy was unreasonable partially because he believes trial counsel conducted an inadequate investigation and partially because he believes trial counsel should have gotten his police statement suppressed.

The Court finds Petitioner's line of reasoning unpersuasive. The reality of the situation is that Petitioner's police statement, in which he stated that he drove the alleged robbers to and away from the crime scene, was admitted into evidence over trial counsel's objection. During the PCR hearing, trial counsel testified that he focused on the theory of duress because of Petitioner's comments in his police statement and because Petitioner, as the alleged driver, "was going to go

down for this like everybody else" under the hand-of-one hand-of-all theory of liability.  (R., ECF No. 26-4, at 913.)   Where counsel articulates valid reasons for employing a certain strategy, counsel's choice of tactics will not be deemed ineffective assistance.  *See, e.g., Lovitt v. True*, 403 F.3d 171, 181 (4th Cir. 2005) (refusing to misuse the "power of hindsight" to second guess trial counsel's "plausible strategic judgments"); *Fitzgerald v. Thompson*, 943 F.2d 463, 469 (4th Cir. 1991) ("[T]rial counsel made reasonable tactical decisions that should not now be second-guessed on collateral review.").   Here, there was evidence—including Petitioner's police statement— directly tying him to the crime, the State was pursuing the hand-of-one hand-of-all theory of liability, and while trial counsel did not object to Barnes' in-court identification, he used her prior misidentification to undermine her credibility.  Regardless of what theory trial counsel decided to pursue at trial, the Court cannot conclude that the PCR court's finding that Petitioner was not prejudiced by trial counsel's failure to object to the in-court identification was unreasonable.

The Court notes that it has not directly addressed the PCR court's finding that trial counsel was not deficient for failure to object to the in-court identification, but assumes without deciding that this determination was unreasonable.  *See Strickland*, 466 U.S. at 697 (noting that it is not necessary for the court to address both the deficiency and prejudice prongs, when the defendant makes an insufficient showing on either prong).  For the reasons stated herein and in the R & R, Petitioner's ground three claims fail, even assuming the deficiency of trial counsel, because the PCR court's finding of no prejudice was not unreasonable.  Therefore, the Court adopts the R & R and grants Respondent summary judgment on ground three.

## IV.    New Evidence

In addition to his objections, Petitioner attempts to bring new evidence before the Court "as a supplement to his current claims" and also "reiterates his request for leave to amend his

petition." (Pet'r's Objs., ECF No. 75, at 11, 3.) District courts, when reviewing a magistrate judge's R & R, "may also receive further evidence." *Wojcicki v. Aiken Tech. Coll.*, 360 F. App'x 484, 487 (4th Cir. 2010) (citing 28 U.S.C. § 636(b)(1)). However, a habeas petitioner may not present new evidence pertaining to claims adjudicated on the merits in state court because "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Conversely, a habeas petitioner can submit new evidence pertaining to claims not adjudicated on the merits in state court "only if [he or she] was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed by § 2254(e)(2) were met." *Holland v. Jackson*, 542 U.S. 649, 652–53 (2004). Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
> **(A)** the claim relies on--
> > **(i)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > **(ii)** a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> **(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Under section 2254(e)(2), "failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). Diligence "depends upon whether [the] petitioner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend upon whether those efforts could have been successful." *Id*. at 435.

Here, Petitioner has not explained the claim he seeks to advance with these documents.  To the extent Petitioner wishes to use this new information to supplement his claims under section 2254(d)(1), this information cannot be considered because those claims are reviewed on the record before the state court.  However, the documents could conceivably support claims that were not adjudicated on the merits in state court and thus would be subject to the restrictions of section 2254(e)(2).  The Court acknowledges that these documents may have been "only recently uncovered," that "Counsel continues to investigate this and other matters before the court," and that these documents could support an alibi defense.  (Pet'r's Objs., ECF No. 75, at 11.) Additionally, Petitioner has not addressed how he might overcome the limitations of section 2254(e)(2).  Under these unusual and limited circumstances, Petitioner is granted leave to move to file an amended petition asserting claims he may have based on these two documents.  To be clear, the Court is not granting leave to amend the petition, but only the opportunity to make a motion to amend.  If Petitioner wishes to amend his petition, he must file an appropriate motion and include the proposed amendments to his petition in order for the Court to address whether those amendments might be permitted.  The leave granted is limited solely to amendments relating to exhibits one and two.  Petitioner shall have 14 days to so move and Respondent shall have 7 days to respond.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Petitioner's objections are **OVERRULED** and that the R & R is **ADOPTED.**  Accordingly, Respondent's motion for summary judgment is **GRANTED** as to the three grounds for relief.[2]

    **AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**September 20, 2017
Charleston, South Carolina**

---

2.    The Court declines to issue a certificate of appealability.  Petitioner has not made a substantial showing of a denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); *Slack v. McDaniel*, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).