## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shawn D. Phillips, | ) | C/A No. 0:16-375-PMD-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| Warden Larry Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

 Petitioner Shawn D. Phillips, a state prisoner, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and subsequently retained counsel. By order dated September 20, 2017, the court granted Respondent's motion for summary judgment as to all three grounds for relief raised in the Petition and provided Petitioner leave to move to file an amended petition based on proposed exhibits one and two. (ECF No. 82.) Petitioner has now filed a motion to amend the petition. (ECF No. 84.) Respondent filed a response in opposition to the motion. (ECF No. 87.) This matter has been referred back to the assigned magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

 At this advanced stage of the case, Petitioner can amend the Petition only with the consent of Respondent or leave of the court. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). However, a court should deny Petitioner's motion to amend on the ground of futility if "the proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986); see also Foman v. Davis, 371 U.S. 178, 182 (1962).

In his motion, Petitioner seeks to raise the claim that trial counsel was ineffective for failing to investigate an alibi defense. (ECF No. 84 at 1.) Petitioner asserts that "within his limited cognitive abilities, [he] attempted to inform his trial counsel, Mark Peper, he had an alibi," and trial counsel ignored or dismissed Petitioner's claim without speaking to witnesses. (Id. at 2-3.) To support this contention, Petitioner seeks to present—by way of hearing or affidavit—the testimony of two witnesses whom Petitioner claims could have provided an alibi defense at Petitioner's trial. (Id.) Petitioner attached statements by these witnesses—Jennifer Johnson and Theodore Nicewonger—to the motion that indicate Petitioner was in the presence of each witness on the night of incident that led to Petitioner's arrest and conviction for murder and armed robbery. (Exs. 1 & 2, ECF Nos. 84-2 & 84-3.) Johnson's statement is signed but not sworn or dated. (ECF No. 84-2.) Nicewonger's statement is dated August 3, 2007, signed, and notarized, but it is not sworn. (ECF No. 84-3.)

Respondent opposes the motion, arguing it is futile because Petitioner's proposed new claim that trial counsel was ineffective would be procedurally barred from federal habeas review and barred by the statute of limitations. Respondent also argues 28 U.S.C. § 2254(e)(2) prohibits the expansion of the record for the purpose of considering Petitioner's purported alibi witnesses.

Petitioner did not pursue his claim that trial counsel was ineffective for failing to investigate an alibi defense in his application for post-conviction relief ("PCR") in state court. Therefore, that claim would be procedurally defaulted from federal habeas review because it would be barred from consideration in state court on an independent state procedural rule. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Plyler v. State, 424 S.E.2d 477, 478 (S.C. 1992) (stating issues not raised to and ruled on by the PCR court are not preserved for review on appeal). For a procedurally

PJG

defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.  Petitioner makes no such arguments here, even after Respondent asserted Petitioner's claim would be procedurally defaulted.  Therefore, even if Petitioner were allowed to amend the Petition to raise this ineffective assistance of trial counsel claim, the claim would be procedurally defaulted from federal habeas review.[1]

For the foregoing reasons, it is

**ORDERED** that Petitioner's motion to amend is denied as futile.  (ECF No. 84.)

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 2, 2017
Columbia, South Carolina

---

[1] Moreover, the court finds Petitioner fails to meet his burden of showing he would be entitled to an evidentiary hearing on his proposed claim pursuant to 28 U.S.C § 2254(e)(2).